UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

SUSAN M. JORDAN,

    Plaintiff,

v.

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.,

    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

    1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA").

## JURISDICTION AND VENUE

    2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

    3.    Plaintiff, SUSAN M. JORDAN, is a natural person and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, ALLIANCEONE RECEIVABLES MANAGEMENT, INC., is a corporation and citizen of the State of Pennsylvania with its principal place of business at Suite 300, 4850 E Street Road, Trevose, PA 19053.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes.

10. Defendant left the following message on the voicemail at her brother's residence on or about the date stated:

> January 28, 2010 at 2:19pm
> Hello, this message is for Susan Jordon. If you are not Susan Jordan please contact us at 866-881-6005 so we can remove your number and please erase this message now. Susan Jordan, you should not play this message if other people can hear it as it contains personal and private information. There will now be a 3 second pause to allowing you to play this message in private. This is AllianceOne Receivable Management, Inc. a debt collection company. This is an attempt to collect a debt. Any information obtained will be used for that purpose. This message is in regards to your outstanding balance with (inaudible) has asked us , AllianceOne Receivable

>Management, Inc. to assist you in finding a resolution to the balance you owe. We realize you have been experience financial hardship and we would like to help.  This maybe your best opportunities to take care of the balance you owe. You are currently eligible to save a substantial sum of money on the debt you owe. To find out how much you are eligible to save, Please call us back at 866-881-6005. The number again is 866-881-6005. If you would like to take advantage of this offer or need special payment arrangements, please call us back at 866-881-6005, So we can help you resolve this debt , untimely our goal is to help find the best possible solution to prevent any further collection activity, Thank you,
>
>February 1, 2010 at 2:25 pm
>This message is for Susan Jordon.
>
>February 5, 2010
>Susan Jordon. If you are not Susan Jordan please hang up or delete this message now, by continuing to listen to this message you acknowledge you are Susan Jordan, Susan Jordan, you should not play this message if other people can hear it as it contains personal and private information. There will now be a 3 second pause to allowing you to play this message in private. This is AllianceOne Receivable Management, Inc. a debt collection company. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Please call us back at 866-881-6005, thank you
>
>February 9, 2010 at 12:11pm - Pre-recorded Caller.
>This is a message for Susan Jordon. If you are not Susan Jordan please hang up or delete this message now, by continuing to listen to this message you acknowledge you are Susan Jordan, Susan Jordan, you should not play this message if other people can hear it as it contains personal and private information. There will now be a 3 second pause to allowing you to play this message in private. This is AllianceOne Receivable Management, Inc. a debt collection company. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Please call us back at 866-881-6005, thank you

11. Defendant left similar or identical messages on other occasions.

(Collectively, "the telephone messages").

12. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13. Defendant failed to inform Plaintiff in some of the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

14. Defendant knew it was required to disclose its name, that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

15. Plaintiff's adult brother ("third party") heard the messages.

16. Plaintiff did not authorize Defendant to communicate with her brother.

17. No court authorized Defendant to communicate with her brother.

18. Plaintiff's brother had no legitimate business need for the information communicated in the telephone messages.

19. Defendant knew or had reason to know that the Plaintiff's brother had no legitimate business need for the information communicated in the telephone messages.

20. The messages communicate information affecting Plaintiff's reputation.

21. Defendant knew or had reason to know that persons other than Plaintiff may hear its telephone messages left at her brother's residence.

22. Plaintiff's brother has no contractual or legal obligation to *not* listen to messages left on his voicemail at his residence.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

23. Plaintiff incorporates Paragraphs 1 through 22.

24. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

25. Plaintiff incorporates Paragraphs 1 through 22.

26. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See <u>Valencia v The Affiliated Group, Inc</u>., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); <u>Wright v. Credit Bureau of Georgia, Inc.</u>, 548 F. Supp. 591, 593 (D. Ga. 1982); and <u>Hosseinzadeh v. M.R.S. Assocs.</u>, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III
## UNAUTHORIZED COMMUNICATION WITH A THIRD-PARTY IN VIOLATION OF THE FDCPA

27. Plaintiff incorporates Paragraphs 1 through 22.

28. Defendant communicated with a third-party, Plaintiff's brother, in connection with the collection of the alleged debt in violation of 15 U.S.C. §1692c(b).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT IV
## UNAUTHORIZED COMMUNICATION WITH A THIRD-PARTY IN VIOLATION OF THE FCCPA

29.    Plaintiff incorporates Paragraphs 1 through 22.

30.    Defendant communicated information affecting Plaintiff's reputation to a third-party, Plaintiff's brother, who had no legitimate business need for the information in violation of Fla. Stat. §559.72(5).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT V
## DECLARATORY RELIEF AND PERMANENT INJUNCTION

31.    Plaintiff incorporates Paragraphs 1 through 21.

32.    Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendant's practices are in violation of the FCCPA.

33. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

34. Plaintiff seeks a permanent injunction prohibiting Defendant from engaging in debt collection practices violative of the FCCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment:

   a. declaring that Defendant's practices violate the FCCPA;

   b. permanently injoining Defendant from engaging in the violative practices; and

   c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> donyarbrough@mindspring.com
>
> By: s/ Donald A. Yarbrough
> Donald A. Yarbrough, Esq.
> Florida Bar No. 0158658